IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT D. HOLYCROSS,**

    **Petitioner,**                        **CASE NO. 2:10-CV-859**
                                          **CRIM. NO. 2:05-CR-262**
    **v.**                                      **JUDGE SARGUS**
                                          **MAGISTRATE JUDGE ABEL**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER and**
**REPORT AND RECOMMENDATION**

Petitioner Robert D. Holycross, a federal prisoner, brings this action to vacate, set aside or correct sentence under 28 U.S.C. § 2255. This matter is before the Magistrate Judge on the motion to vacate, Respondent's return of writ, Petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** this action be **DISMISSED**.

Petitioner's request for an evidentiary hearing, Doc. 99, is **DENIED.**

**FACTS and PROCEDURAL HISTORY**

The United States Court of Appeals for the Sixth Circuit summarized the facts and procedural history of this case as follows:

> In the early morning of August 26, 2005, police officers in an unmarked vehicle observed Holycross driving "at a high rate of speed" down Sullivant Avenue in Columbus, Ohio. JA 183. After Holycross "almost sideswip[ed]" the officers and veered left of center, one of the officers called the police dispatcher and asked for a marked vehicle to stop Holycross. *Id.* Responding to the dispatch a few minutes later, a pair of officers observed Holycross stop at an intersection. Pointing their car's headlights at the stopped car, the officers noticed Holycross look at the police car, "kind of g[e]t a little bit big eyed" and make a quick motion toward the floor behind the passenger seat. JA 133. The officers initiated a traffic stop, and as Holycross slowed the car, one of the officers saw him again lean toward the passenger side. Upon learning that Holycross did not have a driver's license, the officers arrested him. An inventory search of

> the vehicle revealed a handgun under the passenger seat.
>
> A jury convicted Holycross of being a felon in possession of a firearm. *See* 18 U.S.C. 922(g)(1). At sentencing, the district court calculated an offense level of 33-the minimum required by the Armed Career Criminal Act, *see* U.S.S.G. § 4B1.4(b)(3)(B)-and a guidelines range of 210 to 262 months. The court imposed a below-guidelines sentence of 200 months in prison, and it denied Holycross's motion for a new trial.

*United States v. Holycross*, 333 Fed.Appx. 81, unpublished, 2009 WL 1811752, at *1 (6th Cir. June 26, 2009). On appeal, Petitioner asserted that the evidence was insufficient to sustain his conviction; that based on the ineffective assistance of counsel, the Court erred in denying his motion for a new trial, and that he was improperly sentenced because his prior convictions for burglary and attempted burglary were improperly construed as violent felonies under the Armed Career Criminal Act. *See id.* On June 26, 2009, the United States Court of Appeals for the Sixth Circuit rejected these arguments and affirmed Petitioner's conviction and sentence. *Id.* On November 30, 2009, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. *United States v. Holycross*, 130 S.Ct. 774 (2009).

On September 23, 2010, Petitioner filed this action under 28 U.S.C. § 2255. He asserts that his convictions violate the Second Amendment and the Equal Protection Clause; that the Court improperly imposed an excessive sentence without factual findings from a jury; that police improperly failed to provide him with warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966); and that he was denied the effective assistance of counsel based on his attorney's failure to raise the foregoing issues. It is the position of the Respondent that Petitioner's claims are procedurally barred and without merit.

**MERITS**

Absent a showing of cause and prejudice or a showing of actual innocence, Petitioner has waived claims one through three for federal habeas corpus review by failing to object or raise these claims on direct appeal. *See Bousley v. United States,* 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). This rule, however, does not apply to claims of ineffective assistance of counsel, which may properly be raised in these collateral proceedings. *See United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996)("As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal" due to lack of an adequate record to develop this claim)(quoting *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)). The Court presumes Petitioner asserts, as cause for his procedural defaults, the ineffective assistance of counsel, as he asserts in habeas corpus claim four. See *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986)(ineffective assistance of counsel may constitute cause for a procedural default). To establish prejudice, Petitioner must establish the alleged error "worked to [his] actual and substantial disadvantage," infecting the entire trial "with error of constitutional dimensions." *Frady,* 456 U.S. at 170.

The Court will thus consider Petitioner's claim of ineffective assistance of counsel.

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive

3

the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. at 687; *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result fo the proceedings would have been different. *Id*., at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*., at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id.,* at 697.

The *Strickland* test applies to appellate counsel. *Burger v.. Kemp,* 483 U.S. 776 (1987). Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey,* 469 U.S. 387, 396-97 (1985). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536 (1986)(quoting *Jones v. Barnes,* 463 U.S. 745, 751-52 (1983)).

In *Mapes v. Coyle,* 171 F.3d 408, 427-28 (6th Cir.1999), the United States Court of Appeals for the Sixth Circuit outlined factors for consideration in an ineffective assistance of appellate counsel claim:

>(1) Were the omitted issues "significant and obvious"?

(2) Was there arguably contrary authority on the omitted issues?

(3) Were the omitted issues clearly stronger than those presented?

(4) Were the omitted issues objected to at trial?

(5) Were the trial court's rulings subject to deference on appeal?

(6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

(7) What was appellate counsel's level of experience and expertise?

(8) Did the petitioner and appellate counsel meet and go over possible issues?

(9) Is there evidence that counsel reviewed all the facts?

(10) Were the omitted issues dealt with in other assignments of error?

(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Id.*

**Claim one:**

In claim one, Petitioner asserts that his conviction under 18 U.S.C. § 922(g)(1) violates the Second Amendment and the Equal Protection Clause, because it unconstitutionally denies an unpopular group, *i.e.* convicted felons, the right to bear arms and conflicts with 15 U.S.C. § 7901(a)(1), (2), which provides:

> Congress finds the following:
>
> (1) The Second Amendment to the United States Constitution provides that the right of the people to keep and bear arms shall not be infringed.
>
> (2) The Second Amendment to the United States Constitution protects the rights of individuals, including those who are not members of a militia or engaged in military service or training, to

keep and bear arms.

The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. Amend. 2. When the Constitution was ratified, it was permissible to exclude felons from possession of firearms. *United States v. Stephens*, 2006 WL 208576, at *4 (E.D. Tenn. Jan. 25, 2006)(citing *United States v. Emerson*, 270 F.3d 203, 226, n. 21 (5th Cir. 2001). Moreover, "[t]here is no evidence the Second Amendment intended to confer the right to possess firearms on felons" and "the Supreme Court has upheld Congress' ability to restrict felons from possessing firearms." *Id.* (citing *Lewis v. United States*, 445 U.S. 55, 65-66 (1980); *United States v. Day,* 476 F.2d 562, 568 (6th Cir. 1973) ("[t]here is no absolute constitutional right of an individual to possess a firearm")).

In *United States v. Heller*, 554 U.S. 570 (2008), the United States Supreme Court held that the Second Amendment protected an individual's right to bear arms, but went on to state, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27 (footnote omitted). The United States Court of Appeals for the Sixth Circuit in *United States v. Frazier*, 2008 WL 4949153, at *5 (6th Cir. Nov.19, 2008), likewise has rejected Petitioner's claim that 18 U.S.C. § 922(g)(1) violates the Second Amendment. The Sixth Circuit noted in *United States v. Napier,* 233 F.3d 394, 403 (6th Cir. 2000), that "[e]very

circuit court which has had occasion to address the issue has upheld § 922 generally against challenges under the Second Amendment."

Petitioner's claim that his conviction violates the Equal Protection Clause because it prohibits convicted felons of possession of firearms likewise fails. *See United States v. Robinson*, 290 F.Supp. 2d 808, 820 (E.D. Mich. 2003)(citing *United States v. Manuel,* 64 Fed.Appx. 823 (2nd Cir. 2003)(rejecting this same argument).

> As the right to possess a gun is not a fundamental right, *United States v. Toner,* 728 F.2d 115, 128 (2d Cir.1984), and "felons" do not constitute a suspect class, *see Baker v. Cuomo,* 58 F.3d 814, 820–22 (2d Cir.1995), *vacated on other grounds by Baker v. Pataki,* 85 F.3d 919 (2d Cir.1996) (en banc), the statute will be deemed constitutional if there is a "rational relationship between the disparity of treatment and some legitimate governmental purpose," *Heller v. Doe,* 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). The interstate commerce requirement of 18 U.S.C. § 922(g)(1) is jurisdictional in nature, which satisfies the Equal Protection Clause. *See Packer Corp. v. State of Utah,* 285 U.S. 105, 110, 52 S.Ct. 273, 76 L.Ed. 643 (1932) (Brandeis, J.) ("It is a reasonable ground of classification that the State has power to legislate with respect to persons in certain situations and not with respect to those in a different one.").

*United States v. Manuel*, 64 Appx. 823, unpublished, 2003 WL 21105366, at *4.

Contrary to Petitioner's arguments here, nothing in 15 U.S.C. § 7901(a)(1), (2), confers on him the right to bear arms in contravention of the statute under which he was convicted, nor has Respondent acknowledged such a claim.

Based on the foregoing, Petitioner has failed to establish the ineffective assistance of counsel for failing to raise any of the following issues. He has likewise failed to establish cause for his procedural default of claim one.

7

**Claim Two**

In claim two, Petitioner asserts that the Court unconstitutionally imposed an excessive sentence without the factual findings by a jury. Petitioner contends that he should have received a mandatory minimum term of five years incarceration and argues that his sentence violates *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), *certiorari granted, judgment vacated by* 131 S.Ct. 637 (2010). This argument is unavailing.

In *Almanay,* the United States Court of Appeals for the Sixth Circuit held that, where a criminal defendant is subject to another, greater minimum mandatory term of incarceration on a separate offense of conviction, he is not subject to the minimum mandatory term required under 18 U.S.C. § 924(c). *Id.* at 241-42. That holding later was reversed by the United States Supreme Court in *Abbott v. United States*, 131 S.Ct. 18 (2010), wherein the United States Supreme Court held that a criminal defendant is subject to the greatest mandatory term specified for his conduct under § 924(c), unless another provision of law directed to that same conduct requires a greater minimum mandatory term. Neither of these scenarios, however, are present in this case. Petitioner was sentenced to a greater term of mandatory minimum term of incarceration under 18 U.S.C. § 924(e)(1)[1] based on his prior offenses, and this sentence was affirmed the by United States Court of Appeals for the Sixth Circuit. The jury found him guilty of possession of a firearm, and he stipulated he had a prior conviction that caused him to be a prohibited person. Thus, the jury made

---

[1] 18 U.S.C. 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions. . . for a violent felony or serious drug offense, or both, committed on occasions different from one another, such person shall be. . . imprisoned not less than fifteen years[.]

the findings of his conviction beyond a reasonable doubt. The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's sentence as an Armed Career Offender as follows:

> Holycross also argues that his prior convictions for burglary and attempted burglary were not "violent felon[ies]" under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(1); *see* U.S.S.G. § 4B1.4(b)(3)(B). A person convicted of being a felon in possession who has three prior convictions for "violent felon[ies]" is subject to a minimum sentence of 15 years, 18 U.S.C. § 924(e)(1), and an offense level of at least 33 (subject to an adjustment for acceptance of responsibility), U.S.S.G. § 4B1.4(b)(3)(B). A violent felony is any crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B).
>
> To qualify as a "burglary" under ACCA, a defendant's prior conviction must be for "generic burglary"-"an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States,* 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). A state law extends beyond generic burglary if it "includ[es] places, such as automobiles and vending machines, other than buildings." *Id.* Ohio's burglary law extends beyond generic burglary because it covers thefts involving many other structures-including "watercraft, aircraft, railroad car[s], truck [s], trailer[s], [and] tent[s]," R.C. § 2909.01; *see* R.C. § 2911.12; *United States v. Lane,* 909 F.2d 895, 903 (6th Cir.1990)-making the statutory offense not a "burglary" under ACCA.
>
> That makes no difference here, however, because the convictions amount to crimes of violence under the residual "otherwise" clause. Attempted burglary and burglary under Ohio law, we have held, "involve[ ] conduct that presents a serious potential risk of physical injury to another" and thus are crimes of violence under ACCA. Lane, 909 F.2d at 903. Holycross half-heartedly asks us to look beyond the state law definition of the crime to "the actual facts of the offenses for which he was convicted to determine whether a crime of violence occurred," Br. at 47, but that goes against precedent, *see,*

9

> *e.g., Taylor*, 495 U.S. at 600, 110 S.Ct. 2143; *United States v. Ford,*
> 560 F.3d 420, 421-22 (6th Cir.2009).

*United States v. Holycross*, 333 Fed.App. at 85-86.

Referring to *United States v. O'Brien*, 130 S.Ct. 2169 (2010), Petitioner nonetheless argues that his sentence violates the Sixth Amendment because the judge, rather than a jury, determined that his three prior violent felony convictions required him to be sentenced under the provisions of 18 U.S.C. § 924(e)(1), imposing a mandatory minimum term of fifteen years incarceration. This Court is not persuaded by Petitioner's argument.

The Supreme Court held in *O'Brien* that under 18 U.S.C. § 924(c), which prohibits the use or carrying of a firearm in relation to a crime of violence or a drug trafficking crime, the fact that the firearm used was a machine gun (which increases the mandatory minimum sentence from five to thirty years incarceration) constituted an element of the offense rather than a sentencing factor that must be proven to the jury beyond a reasonable doubt. Contrary to Petitioner's argument here, however, *O'Brien* does "not hold that a jury trial is required on any fact-finding that increases the statutory minimum sentence." *Ashipa v. Knab*, No. 1:08CV879, 2010 WL 5184789 (S.D. Ohio Dec. 15, 2010). Petitioner refers to, and this Court is not aware of, no federal cases invalidating the provisions of § 924(e)(1) as violating the Sixth Amendment.

The Court notes, in *Blakely v. Washington*, 542 U.S. 296, 301 (2004), the United States Supreme Court applied the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000), holding that "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added). In *Blakely*, the Supreme Court held that the "'statutory

maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id*. at 303 (citations omitted). These cases do not assist Petitioner.

The provisions of the Armed Career Criminal Offender Act increases the mandatory minimum term of incarceration Petitioner faced based on his prior felony convictions, and as charged in the superseding indictment. Other federal courts have held that this increase of the minimum term of incarceration he faced does not violate the Sixth Amendment. *See Arias v. Hudson*, 589 F.3d 315, 317-18 (6th Cir. 2009)("The Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the *maximum* sentence the defendant faces, not any fact that increases the *minimum* sentence.")(citing *McMillan v. Pennsylvania*, 477 U.S. 79 (1986); *Broadnax v. Rapelje*, No. 2:08-CV-12158, 2010 WL 1880922 (E.D. Mich. May 11, 2010)(rejecting claim that Michigan's intermediate sentencing scheme violates the Sixth Amendment)(citing *Chontos v. Berghuis,* 585 F.3d 1000, 1001-02 (6th Cir.2009) (state court did not violate habeas petitioner's Sixth Amendment rights by relying upon facts which increased his minimum sentence but did not exceed the statutory maximum); *Tironi v. Birkett,* No. 06-1557, 2007 WL 3226198, * 1-2 (6th Cir. Oct.26, 2007) (unpublished); *Delavern v. Harry,* No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept.7, 2007); *McNall v. McKee,* No. 1:06-CV-760, 2006 WL 3456677, *2 (W.D. Mich. Nov.30, 2006); *accord People v. Drohan,* 475 Mich. 140, 715 N.W.2d 778, 789-790 (Mich.2006)).

> The *Blakely-Apprendi* rule does not prohibit all judicial factfinding in the sentencing context. It does not, for example, apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding. See, e.g., *Harris v. United States*, 536 U.S. 545, 568-69, 122 S.Ct. 2406,

> 153 L.Ed.2d 524 (2002) (holding that the Constitution permits a trial judge to find facts giving rise to a defendant's mandatory minimum sentence); *United States v. Cox,* 565 F.3d 1013, 1017 (6th Cir.2009) ("*Apprendi* does *not* apply where a fact 'increases a defendant's mandatory *minimum* sentence but does not increase the maximum statutory range.'" (emphasis in original) (quoting *United States v. Copeland,* 321 F.3d 582, 602 (6th Cir.2003))). And it does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing. *United States v. Conatser,* 514 F.3d 508, 528 (6th Cir.2008) (explaining that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard ... does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury" (citation and internal quotation marks omitted)).

*Montes v. Trombley*, 599 F.3d 490, 494 (6th cir. 2010). Additionally, "There is no Supreme Court authority requiring a jury to find facts that are not elements of the crime of conviction, even though those facts lead to the imposition of a particular minimum sentence." Anderson v. Bell, No. 1:07-cv-176, 2007 WL 3036530, at *2 (W.D. Mich. Oct. 16, 2007).

In short, Petitioner's claim is without merit. Petitioner has failed to establish the ineffective assistance of counsel under the two-prong *Strickland* test, based on his attorney's failure to raise these issues. He has likewise failed to establish cause for his procedural default of claim two.

**Claim Three**

In claim three, Petitioner asserts that police unconstitutionally failed to advise him of his *Miranda* rights. This claim plainly lacks merit.

The United States Supreme Court held in *Berkemer v. McCarty*, 468 U.S. 420, 425 (1984), no *Miranda* warnings are required when police detain a person pursuant to a traffic stop, although the driver's freedom to leave is significantly curtailed. *See also United States v. Lopez-Urquiza*, No. 1:10-CR-151, 2011 WL 1841679, at *6-7 (E.D. Tenn. May 13, 2011)(rejecting claim that *Miranda*

warnings were required when police asked driver questions unrelated to the traffic stop)(citing *United States v. Swanson*, 341 F.3d 524, 530-31 (6th Cir. 2003).

Moreover, as noted by the Respondent, the only statement made by Petitioner was that indicating he had no driver's license. This statement did not prejudice him, in relation to his offense of conviction.

Petitioner has failed to establish any prejudicial statement was improperly admitted against him in violation of *Miranda*. He likewise has failed to establish the ineffective assistance of counsel for failing to raise such an issue. He has failed to establish cause for his procedural default of claim three.

**Claim Four**

In view of all of the foregoing, Petitioner has failed to establish he was denied effective assistance of counsel.

In his *Traverse*, Petitioner argues that his conviction, or the traffic stop which resulted in his ultimate conviction, violated his "right to travel." He complains that the DNA evidence against him was invalid and that he never admitted to possession of the firearm. He disputes the evidence against him and appears further to argue that police illegally stopped the vehicle which he was driving. *See Traverse*. Additionally, Petitioner complains that he was beaten by police twice and argues that Respondent, in the filing of the *Return of Writ*, has acknowledged the validity of his claims. None of these arguments provide Petitioner relief.

"To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the

13

proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)(citing *Brecht v. Abrahamson,* 507 U.S. 619, 637-638 (1993)). "To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id*. (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (citing *Hill v. United States,* 368 U.S. 424, 428 (1962)). Petitioner has failed to meet this standard here.

The arguments raised in the traverse are entirely without support in the record. Further, Petitioner cannot in these proceedings again argue that the evidence was constitutionally insufficient to sustain his conviction. Claims of insufficiency of the evidence are not properly considered in § 2255 proceedings. *See Ajan v. United States,* 2009 WL 1421183 (E.D. Tenn. May 20, 2009) (citing *Scott v. Morrison,* 58 Fed.Appx. 602 (6th Cir. 2002)); *see also United States v. Curtis,* 2007 WL 896171 (E.D. Tenn. March 22, 2007) ("The United States Court of Appeals for the Sixth Circuit has consistently held that the 'sufficiency of the evidence to support a conviction may not be collaterally reviewed [in] a § 2255 proceeding' ") (quoting *United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir.1969); *Stephan v. United States,* 496 F.2d 527, 528-29 (6th Cir.1974)). Further, the United States Court of Appeals for the Sixth Circuit has already rejected this argument, stating:

> Ample evidence supported the conviction. The officers recovered a handgun from under the passenger seat of the car that Holycross was driving. Three officers-the two who responded to the police dispatch and one from the unmarked car that followed Holycross after contacting the dispatcher-observed Holycross make a motion toward the passenger side of his vehicle as he stopped at the intersection. *84 One of the officers testified that he saw Holycross make another similar motion. And a forensic scientist testified that the DNA found on the gun matched Holycross's DNA and that the same DNA type occurs in one in over a quintillion (a billion billion) people.

14

*United States v. Holycross,* 333 Fed.Appx. at 83.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's request for an evidentiary hearing (Doc. 99), is **DENIED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel
United States Magistrate Judge